IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DEMONTE JOHNSON, | § | |
| | § | No. 140, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1508020940A/B (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: February 11, 2025
Decided: April 4, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## <u>ORDER</u>

After consideration of the no-merit brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the Superior Court record, it appears to the Court that:

(1) In August 2015, a Superior Court grand jury indicted the appellant, Demonte Johnson, for first-degree murder, possession of a firearm during the commission of a felony ("PFDCF"), and possession of a firearm by a person prohibited ("PFBPP"). At Johnson's request, the Superior Court severed the person-prohibited charge from the others, and the case proceeded on two tracks: Case A (first-degree murder and PFDCF), to be followed by Case B (PFBPP). Johnson's first trial in Case A ended in a mistrial. Following a second trial in 2018, a Superior

Court jury found Johnson guilty of first-degree murder and PFDCF in Case A and guilty of PFBPP in Case B. Johnson timely moved for a new trial. The Superior Court denied the motion,[1] and we affirmed its denial on appeal.[2]

(2) In October 2019, Johnson filed a *pro se* motion for postconviction relief under Superior Court Criminal Rule 61. Johnson's motion identified one ground for relief—namely, that his attorneys were "ineffective at trial and ineffective on direct appeal."[3] The Superior Court appointed counsel to assist Johnson with the postconviction proceedings ("Postconviction Counsel"). In March 2021, Postconviction Counsel moved to withdraw under Rule 61(e)(7), asserting that Johnson's claims of ineffective assistance of counsel were so lacking in merit that he could not ethically advocate for them. The State responded to Postconviction Counsel's motion to withdraw and argued that Johnson's motion for postconviction relief should be denied without further proceedings and that counsel's motion to withdraw should be granted. Although the Superior Court set—and later extended— a deadline for Johnson to respond to Postconviction Counsel's motion to withdraw, Johnson did not file any response. Accordingly, the Superior Court granted Postconviction Counsel's motion to withdraw and summarily dismissed Johnson's

[1] *State v. Johnson*, 2018 WL 3725748 (Del. Super. Ct. July 25, 2018).

[2] *Johnson v. State*, 2019 WL 2537583 (Del. June 19, 2019).

[3] *State v. Johnson*, 2022 WL 4355727, at *1 (Del. Super. Ct. Sept. 19, 2022).

motion for postconviction relief because Johnson "fail[ed] to set forth any specific allegations of ineffective assistance of counsel at the trial or appellate level, or facts supporting the sole ground stated in his motion."[4]

(3)    Now proceeding *pro se*, Johnson appealed the Superior Court's summary dismissal of his motion for postconviction relief to this Court.  In his opening brief on appeal, Johnson argued, among other things, that one of his trial attorneys and Postconviction Counsel had disqualifying conflicts of interest.  In support of his argument, Johnson attached a 2016 email from the then-prosecutor to the then-defense attorney that listed attorneys who potentially had conflicts of interest because they were representing, or had previously represented, witnesses whom the State intended to call at trial.  In its answering brief on appeal, the State asserted that the conflict-of-interest claim was procedurally barred and should be denied.

(4)    On March 11, 2024, the Court issued an order finding that additional briefing was necessary to address Johnson's conflict-of-interest claim and appointed counsel to represent Johnson on appeal ("Appointed Counsel").  Shortly thereafter, Appointed Counsel filed an unopposed motion to remand the matter to the Superior

---

[4] *Id*. at *3.

Court for further factual findings. The Court remanded the matter as requested and retained jurisdiction.

(5) On remand, Appointed Counsel requested discovery from the State, and the State responded with further details about the alleged conflicts. The Superior Court expanded the record with briefing as well as affidavits from trial counsel and Postconviction Counsel. With this additional information, the Superior Court analyzed the alleged conflicts and concluded that (i) neither Johnson's trial attorney nor Postconviction Counsel was impaired by a conflict of interest, and (ii) Johnson had not alleged, much less shown, that he had been prejudiced by the alleged conflicts.[5]

(6) The matter has been returned to the Court from remand. With Johnson's conflict-of-interest argument now fully explored and rejected by the Superior Court, Appointed Counsel has filed a brief and a motion to withdraw under Rule 26(c). Appointed Counsel asserts that, after a complete and careful examination of the record, he could not identify any arguably appealable issues. Appointed Counsel informed Johnson of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and a draft of the accompanying brief. Appointed Counsel also informed Johnson of his right to supplement his attorney's

---

[5] *State v. Johnson*, 2024 WL 5074760, at *3-4 (Del. Super. Ct. Nov. 6, 2024).

4

presentation. Johnson has not submitted any argument for the Court's consideration. The State has responded to Appointed Counsel's Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

(7) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold. First, the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that could be arguably raised on appeal.[6] Second, the Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[7]

(8) The Court has reviewed the record carefully and has concluded that Johnson's appeal is wholly without merit and is devoid of any arguably appealable issues. We are also satisfied that Appointed Counsel has made a conscientious effort to examine the record and the law and has properly determined that Johnson could not raise a meritorious claim in this appeal.

---

[6] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wis.*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

[7] *Penson*, 488 U.S. at 81-82.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court be AFFIRMED.  Counsel's motion to withdraw is moot.

BY THE COURT:


*/s/ Karen L. Valihura*
Justice